UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

PATRICK M. O'NEAL,

                              Plaintiff,

  -against-

YONKERS RACING CORPORATION, JAMES BOYLE, in his individual capacity; RICHARD DeJESUS, in his individual capacity; DAVID FERRO, in his individual capacity; EDWIN GARCIA, in his individual capacity; ROBERT GEBERTH, in his individual capacity; JEREMY GOLDEN, in his individual capacity; JOAN LEWIS, in her individual capacity; ABDUL-NUR MUHAMMAD, in his individual capacity,

                              Defendants.

------------------------------------------------------------X

10 Civ. 5379 (SAS)

**ANSWER**

**JURY TRIAL DEMANDED**

       Defendants, Yonkers Racing Corporation, Richard DeJesus, Edwin Garcia, Jeremy Golden, Joan Lewis, and Abdul-Nur Muhammad, by their attorneys Bleakley Platt & Schmidt, LLP, answering the plaintiff's Complaint state, upon information and belief as follows:

## AS TO THE PRELIMINARY STATEMENT

      1.    In response to the allegations contained in the paragraph designated "1," defendants refer all questions of fact to the trier of fact and all questions of law to the Court.

## AS TO THE JURISDICTION

2.      In response to the allegation contained in the paragraph designated "2," defendants refer all questions of fact to the trier of fact and questions of law to the Court.

3.      In response to the allegation contained in the paragraph designated "3," defendants refer all questions of fact to the trier of fact and all questions of law to the Court.

## AS TO THE VENUE

4.      In response to the allegation contained in the paragraph designated "4," defendants refer all questions of fact to the trier of fact and all question of law to the Court.

## AS TO THE JURY DEMAND

5.      In response to the allegation contained in the paragraph designated "5," defendants refer all questions of fact to the trier of fact and all questions of law to the Court.

## AS TO THE PARTIES

6.      Deny knowledge and information sufficient to form a belief as to each and every allegation contained in the paragraph designated "6."

7.      In response to the allegation contained in paragraph 7, admit that defendant YONKERS RACING CORPORATION is a domestic corporation duly organized and existing under, and by virtue of, the laws of the State of New York, which operates a racetrack and video lottery gaming facility located in Yonkers, New York that does business as Empire City at Yonkers Raceway.

8.      In response to the allegation set forth in the paragraph designated "8," admits that Yonkers Raceway maintains a Security Department, and refers all questions of fact to the trier of fact and all questions of law to the Court.

9. In response to the allegation set forth in the paragraphs designated "9," and "10," defendants respectfully refer all questions of law to the Court.

10. In response to the allegations set forth in the paragraph designated "11," defendants admit that a portion of the gross revenue from video lottery gaming is forwarded to the New York State Division of the Lottery, and respectfully refer all questions of law to the Court.

11. Admit the allegations set forth in the paragraphs designated "12," "13," "16," "17," "20," "21," "24," "25," and "28."

12. In response to the allegations set forth in the paragraphs designated "14," "15," "18," "19," "22," "23," "26," "27," "29," and "30," defendants refer all questions of fact to the trier of fact and all questions of law to the Court.

13. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs designated "31," "32," "33," "34," "35," and "36."

14. In response to the allegation set forth in the paragraph designated "37," admit that Sergeant Garcia, Officer Golden, Officer Muhammad, and Security Manager Lewis were employed by Yonkers Racing Corporation, and deny the balance of the allegations, and refer all questions of law to the Court.

15. In response to the allegation set forth in the paragraph designated "38," refer all questions of law to the Court.

16. Deny the allegations set forth in the paragraphs designated "39," "40," and "43."

17. Admit the allegations set forth in the paragraphs designated "41," "42," and "45."

18. In response to the allegation set forth in the paragraphs designated "44," and

3

"46.""48," deny that Yonkers Raceway employees worked in a "joint venture" and "in tandem" with the New York State Police, and admit the balance of the allegations.

19. In response to the allegations set forth in the paragraphs designated as "47," deny knowledge or information sufficient to form a belief.

20. In response to the allegation set forth in the paragraph designated as "48," respectfully refer all questions of law to the Court.

## AS TO THE STATEMENT OF FACTS

21. Deny knowledge and information sufficient to form a belief as to the allegations contained in the paragraph designated "49."

22. Deny each and every allegation contained in the paragraphs designated "50," "51," "53," "54," "55," "60," "61," and "69."

23. Admit the allegations set forth in the paragraph designated "58," and "59."

24. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraphs designated "52," "56," "57," ""62," "63," "64," "65," "66," "67," and "68," and refers all questions of fact to the trier of fact and all questions of law to the Court.

## AS TO THE FIRST CLAIM FOR RELIEF

25. Repeat and reiterate each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations reiterated and realleged by the plaintiff in the paragraph designated "70."

26. Deny each and every allegation contained in the paragraphs designated "71," "72," "73," and "74."

## AS TO THE SECOND CLAIM FOR RELIEF

4

27. Repeat and reiterate each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph designated "75."

28. Deny each and every allegation contained in the paragraphs designated "76," "77," "78," and "79."

## AS TO THE THIRD CLAIM FOR RELIEF

29. Repeat and reiterate each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations reiterated and realleged by the plaintiff in the paragraph designated "80."

30. Deny each and every allegation contained in the paragraphs designated "81," "82," "83," "84," "85," "86," "87," "88," "89," "90," "91," "92," "93," and "94."

## AS TO THE FOURTH CLAIM FOR RELIEF

31. Repeat and reiterate each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations reiterated and realleged by the plaintiffs in the paragraph designated "95."

32. Deny each and every allegation contained in the paragraphs designated "96," "97," and "98."

## AS TO THE FIFTH CLAIM FOR RELIEF

33. Repeat and reiterate each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations reiterated and realleged by the plaintiff in the paragraph designated "99."

34. Deny each and every allegation contained in the paragraphs designated "100," "101," and "102."

## AS TO THE SIXTH CLAIM FOR RELIEF

35. Repeat and reiterate each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations reiterated and realleged by the plaintiff in the paragraph designated "103."

36. Deny each and every allegation contained in the paragraphs designated "104," "105," "106," 107," "108," and "109."

## AS TO THE SEVENTH CLAIM FOR RELIEF

37. Repeat and reiterate each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations reiterated and realleged by the plaintiff in the paragraph designated "110."

38. Deny each and every allegation contained in the paragraphs designated "111," and "112."

## AS TO THE EIGHTH CLAIM FOR RELIEF

39. Repeat and reiterate each and every denial and denial of knowledge or information sufficient to form a belief as to each and every allegation reiterated and realleged by the plaintiff in the paragraph designated "113."

40. Deny the allegations set forth in the paragraph designated "114."

## AS A FIRST AFFIRMATIVE DEFENSE

41.     If liability is found against defendants and the liability is found to be fifty percent (50%) or less of the total liability assigned to all persons liable, then defendants invoke the limits on liability for noneconomic loss set forth in CPLR § 1601.

## AS A SECOND AFFIRMATIVE DEFENSE

42.     That defendants assert the terms, provisions, limitations and rights contained in § 4545 of the CPLR.

## AS A THIRD AFFIRMATIVE DEFENSE

43.     Upon information and belief, that the alleged cause or causes of action, if any, stated in the Complaint, on behalf of the plaintiff are barred by the applicable statute of limitation.

## AS A FOURTH AFFIRMATIVE DEFENSE

44.     Whatever injuries plaintiff may have sustained at the time and place alleged in the Complaint were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff.

## AS A FIFTH AFFIRMATIVE DEFENSE

45.     Defendants are not a proper party to this action.

## AS A SIXTH AFFIRMATIVE DEFENSE

46.     Defendants are not state actors.

## AS A SEVENTH AFFIRMATIVE DEFENSE

47.     Defendants are immune from suit under the Doctrine of Qualified and Absolute Immunity.

### AS A EIGHTH AFFIRMATIVE DEFENSE

48.   Defendants had probable cause for their actions.

### AS A NINTH AFFIRMATIVE DEFENSE

49.   Defendants' actions were objectively reasonable.

### AS A TENTH AFFIRMATIVE DEFENSE

50.   All acts of defendants were performed in good faith, in the absence of malice, and with no intent to do harm to plaintiff or cause injury to plaintiff.

### AS A ELEVENTH AFFIRMATIVE DEFENSE

51.   Defendants' actions were not carried out under color of State law.

WHEREFORE, defendants demand judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated: White Plains, New York
       September 17, 2010

BLEAKLEY PLATT & SCHMIDT, LLP

By: _____
Vincent W. Crowe (VWC-4701)
Attorneys for Defendants
Yonkers Racing Corporation,
Richard DeJesus, Edwin Garcia,
Jeremy Golden, Joan Lewis,
Abdul-Nur Muhammad
One North Lexington Avenue
White Plains, New York 10601
(914) 949-2700

TO:   Darius Wadia, Esq.
      Attorney for Plaintiff
      233 Broadway, Suite 2208
      New York, NY 10279